IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROXANNE CORRINE PERDIGONE, | |
| Petitioner, | No.  2: 11-cv-3454 WBS DAD P |
| vs. | |
| TINA HORNBECK, Warden, | <u>ORDER AND</u> |
| Respondent. | <u>FINDINGS & RECOMMENDATIONS</u> |
| _____/ | |

Petitioner is a state prisoner proceeding through counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner was convicted by a Sacramento County Superior Court jury of first degree murder, assault with a firearm and kidnapping and the jury found that she used a firearm in the commission of these offenses.  Petitioner also pled guilty to other charges, namely one count of assault with a firearm and four counts of being a convicted misdemeanant in possession of a firearm.  She also admitted a firearms' use allegation.  She was sentenced to twenty-five years to life in state prison plus twenty years.  Petitioner's sole claim for federal habeas relief is that she received ineffective assistance of counsel as a result of her counsel's failure to locate and subpoena Roberta Bates and Tamesha Johnson and guarantee their appearance at trial.  Respondent has filed a motion to dismiss the pending petition as untimely

/////

filed under the applicable statute of limitations.  For the reasons set forth below, the court concludes that respondent's motion to dismiss should be granted.

## I. PROCEDURAL HISTORY

### A. State Court Proceedings

After petitioner's judgment of conviction was entered she appealed to the California Court of Appeal for the Third Appellate District.  That court affirmed the judgment of conviction on February 3, 1997.  (See Resp't's Lodged Doc. 2.)  Petitioner did not file a petition for review with the California Supreme Court.

On June 24, 2004, petitioner, proceeding through counsel, filed a state habeas petition in the Sacramento County Superior Court.  (See id. Doc. 3.)  On July 29, 2004, that court denied the petition, stating that it was untimely.  (See id. Doc. 4.)  On March 4, 2010, petitioner (now being represented by current federal habeas counsel, Mr. Bonneau) filed another state habeas petition in the Sacramento County Superior Court.  (See id. Doc. 5.)  That court denied the state habeas petition on April 20, 2010 stating that it was both successive and untimely. (See id. Doc. 6.)  Petitioner then filed a state habeas petition in the California Court of Appeal for the Third Appellate District on June 22, 2010.  (See id. Doc. 7.)  The California Court of Appeal summarily denied that petition on June 24, 2010.  (See id. Doc. 8.)  Next, petitioner filed a state habeas petition in the California Supreme Court on July 28, 2010.  (See id. Doc. 9.)  The California Supreme Court summarily denied that petition on April 27, 2011.

### B. Federal Court Proceedings

Counsel on behalf of petitioner filed the federal habeas petition in this court on December 29, 2011.  Respondent filed a motion to dismiss on March 5, 2012.  Petitioner filed a response in opposition to the motion to dismiss on March 21, 2012 and then a supplemental response in opposition on April 30, 2012.  Respondent filed a reply on May 4, 2012.  A hearing on the motion to dismiss was held on May 11, 2012.

/////

## II.  STATUTE OF LIMITATIONS UNDER AEDPA

Petitioner filed her federal habeas petition after April 24, 1996, therefore, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to the petition.  See Lindh v. Murphy, 521 U.S. 320, 326 (1997).  The AEDPA imposes a one-year statute of limitations on the filing of federal habeas petitions.  More specifically, 28 U.S.C. § 2244(d) states as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Thus, pursuant to 28 U.S.C. § 2244(d)(2), the AEDPA statute of limitations is statutorily tolled during the time a properly filed application for post-conviction relief is pending in state court.  The statute of limitations is not tolled during the interval between the date on which a judgement of conviction becomes final and the date on which the petitioner files her first state collateral challenge because there is no case "pending" during that period.  See Porter v.

3

1  Ollison, 620 F.3d 952, 958 (9th Cir. 2010) ("The period between when direct review becomes
2  final and the filing of a state habeas petition is not tolled[.]"); Raspberry v. Garcia, 448 F.3d
3  1150, 1153 n.1 (9th Cir. 2006); Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  Once state
4  collateral proceedings are commenced, a state habeas petition is "pending" during a full round of
5  review in the state courts, including the time between a lower court decision and the filing of a
6  new petition in a higher court, as long as the intervals between the petitions are "reasonable."
7  Evans v. Chavis, 546 U.S. 189, 192-93 (2006) (citing Carey v. Saffold, 536 U.S. 214, 222-23
8  (2002)).

## III.  ANALYSIS OF RESPONDENT'S MOTION TO DISMISS

### A.  Respondent's arguments

Respondent argues that the federal habeas petition pending before this court is untimely.  Respondent notes that petitioner did not file a petition for review with the California Supreme Court after the California Court of Appeal affirmed her judgment of conviction on February 3, 1997.  Accordingly, respondent contends that petitioner's judgment of conviction became final on March 15, 1997, or forty days after the California Court of Appeal affirmed the judgment.  See Smith v. Duncan, 297 F.3d 809, 813 (9th Cir. 2002) (noting that conviction becomes final in California forty days after the California Court of Appeal issues its opinion when the defendant does not file a petition for review in the California Supreme Court), overruled on other grounds by, Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  Therefore, respondent argues, the last day for petitioner to file a federal habeas petition challenging that judgment of conviction was on March 15, 1998 unless tolling applies.

Respondent claims that statutory tolling should not apply in this case because petitioner did not file her first state habeas petition until June 23, 2004, more than six years after the statute of limitations for the filing of a federal petition had expired.  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding that the filing of a state petition after the federal limitations period has ended has no effect).  Additionally, the respondent notes that

petitioner's first and second state habeas petitions were found by the state courts to be untimely, therefore were not properly filed, and could not serve to statutorily toll the statute of limitations for seeking federal habeas relief.  Respondent also argues that petitioner's third and fourth state habeas petitions were denied as untimely as well because, even though the summary denials were silent as to their reasoning, this federal habeas court must "look through" those silent dispositions to the last reasoned decision from the Superior Court.  See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991) ("Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same grounds.")

Respondent does acknowledge that the limitations period may begin to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).  However, respondent asserts that even under the best case scenario for petitioner, she learned of the factual predicate of her claim for habeas relief when her investigator interviewed Bates on April 16, 2009.  Thus, according to respondent, even under this theory the last day for her to file a timely federal habeas petition was on April 16, 2010.  However, respondent notes, petitioner did not seek federal habeas relief until December 2011 and her state habeas petitions filed in the interim could not statutorily toll the limitations period because they were found to be untimely by the state courts.  Additionally, respondent argues that petitioner has failed to demonstrate the requisite due diligence for the triggering of a later commencement of the limitations period.

B. Petitioner's arguments

Petitioner asserts that her petition is timely under both 28 U.S.C. § 2244(d)(1)(A) and § 2244(d)(1)(D).  In addition to arguing that a later start to the beginning of the running of the AEDPA statute of limitations should apply under § 2244(d)(1)(D), petitioner's counsel also contended at oral argument on the motion to dismiss that statutory and equitable tolling apply in this case, thereby rendering petitioner's application for federal habeas relief timely.

C. Discussion

Petitioner claims that the factual predicate giving rise to her claims for relief did not become known to her until years after her judgment of conviction became final because both witnesses, Bates and Johnson, were unavailable in the intervening years following her conviction and they were both difficult or impossible to locate. (See Dkt. No. 15 at p. 1-2.) For purposes of these findings and recommendations, the court will assume *arguendo* that the factual predicate giving rise to petitioner's claim for federal habeas relief could not have been discovered through the exercise of due diligence before April 16, 2009 - the day witness Bates was interviewed by an investigator acting on petitioner's behalf.[1] Nonetheless, petitioner did not file her federal habeas petition with the assistance of counsel until December 29, 2011. Therefore, unless statutory and/or equitable tolling apply during the period between April 16, 2009 and the filing of the federal petition on December 29, 2011, petitioner's federal habeas petition is untimely.

1. Statutory Tolling

As previously indicated, petitioner, proceeding through her current counsel Mr. Bonneau, filed a state habeas petition in the Sacramento County Superior Court on March 4, 2010. The AEDPA tolls the statute of limitations during the period in which a "properly filed" application for post-conviction relief is pending. See 28 U.S.C. § 2244(d)(2). However, a petition cannot be considered "properly filed" for purposes of the AEDPA statutory tolling when the state court denies a habeas petition as untimely. See Trigueros v. Adams, 658 F.3d 983, 988-89 (9th Cir. 2011); Lakey v. Hickman, 633 F.3d 782, 786 (9th Cir. 2011), cert. denied, Lakey v. Cate, 131 S. Ct. 3039 (2011); Thorson v. Palmer, 479 F.3d 643, 645 (9th Cir. 2007) (citing Bonner v. Carey, 425 F.3d 1145, 1149 (9th Cir. 2005) (citing Pace, 544 U.S. at 417)). Here, the Sacramento County Superior Court denied petitioner's March 4, 2010 habeas petition stating that it was barred as successive and untimely, citing to the decisions in In re Robbins, 18 Cal. 4th 770

---

[1] Witness Johnson had previously been interviewed by the same investigator acting on behalf of petitioner on December 30, 2008.

1    (1998) and In re Clark, 5 Cal. 4th 750 (1993).  The state court's reliance on Robbins and Clark

2    was a clear ruling that the petition was denied as untimely.  See Miles v. Martel, No. 10-15633,

3    ___F.3d___, ___, 2012 WL 4490756, at *4 (9th Cir. Sept. 28, 2012) ("A summary denial citing

4    [Clark and Robbins] means that the petition is rejected as untimely."); Lakey, 633 F.3d at 786;

5    Thorson, 479 F.3d at 645.  Accordingly, the AEDPA statute of limitations was not statutorily

6    tolled by the filing of the March 4, 2010 state habeas petition since that petition was not

7    "properly filed."

8              Petitioner's subsequent state habeas petitions that she filed in the California Court

9    of Appeal and the California Supreme Court do not change this result.  The California Court of

10   Appeal and the California Supreme Court both summarily denied petitioner's state habeas

11   petitions filed in June and July 2010.  This court "looks through" those summary denials and

12   presumes those courts adopted the reasoning of the Sacramento County Superior Court which

13   denied the petition before it as untimely.  See Bonner, 425 F.3d at 1148 n. 13 (applying the look-

14   through doctrine under Ylst, 501 U.S. at 803).

15             In the context of determining whether the petitioner could overcome the

16   successive and/or untimeliness bar, the Sacramento County Superior Court also addressed the

17   merits of petitioner's claim.  (See Resp't's Lodged Doc. 6 at p. 3 ("[T]he testimony of Bates,

18   Johnson and petitioner would merely have conflicted with the trial testimony given by Adam

19   Keller . . . .  At most, this only conflicts with trial evidence and does not establish unerring

20   innocence.").)  The fact that the state court addressed the merits of petitioner's claim in the

21   context of determining whether she fell within an exception to an untimeliness bar does not

22   change the result in this case.  Indeed, the Supreme Court has explained that if a "postconviction

23   petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2)."

24   Pace, 544 U.S. at 414; see also Bonner, 425 F.3d at 1149 ("Neither does the fact that the superior

25   court also denied Bonner's petition on the merits save his petition.  Because the California courts

26   /////

dismissed Bonner's petition as untimely, his petition was not 'properly filed' under AEDPA. Accordingly, he is not entitled to tolling under § 2244(d)(2).").

Moreover, even if petitioner's March 4, 2010 state habeas petition was "properly filed," it would not save her federal habeas petition from being untimely under AEDPA. As previously indicated, the court has assumed for purposes of these findings and recommendations that the factual predicate giving rise to petitioner's claim could not have been discovered through the exercise of due diligence until April 16, 2009, the day Bates was interviewed by petitioner's investigator. Even with that assumption, however, when petitioner filed her state habeas petition on March 4, 2010, she only had approximately one-and-a-half months left on the AEDPA statute of limitations period to seek federal habeas relief. Subsequently, the AEDPA statute of limitations began to run again when the California Supreme Court denied petitioner's state habeas petition on April 27, 2011. Petitioner did not file her federal habeas petition until December 29, 2011, more than eight months thereafter. Thus, even assuming petitioner's state habeas petitions filed in 2010 in the three levels of the California courts could have statutorily tolled the AEDPA statute of limitations, that limitations period would still have expired by the time she filed her federal petition due to the gaps in time of almost a year between April 16, 2009 to March 4, 2010 and the over eight month gap in time between April 27, 2011 and December 29, 2011. For all these reasons, under no scenario can statutory tolling render the pending federal habeas petition timely.

        2. Equitable Tolling

Petitioner also argues that she is entitled to equitable tolling of the AEDPA statute of limitations. The United States Supreme Court has confirmed that the AEDPA statute of limitations "is subject to equitable tolling in appropriate cases." Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). See also Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011); Lakey, 633

/////

/////

F.3d at 784; Porter, 620 F.3d at 959.[2]  Indeed, because § 2244(d) is not jurisdictional, it is "subject to a 'rebuttable presumption' in favor of 'equitable tolling'" Holland, 130 S. Ct. at 2560 (quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95-96 (1990)).  See also Lee v. Lampert, 653 F.3d 929, 933 (9th Cir. 2011) (en banc).

However, "a 'petitioner' is 'entitled to equitable tolling' only where [s]he shows '(1) that [s]he has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way' and prevented timely filing."[3]  Holland 130 S. Ct. at 2562 (quoting Pace, 544 U.S. at 418); see also Doe, 661 F.3d at 1011; Lakey, 633 F.3d at 784; Porter, 620 F.3d at 959; Harris v. Carter, 515 F.3d 1051, 1054 (9th Cir. 2008); Stillman v. LaMarque, 319 F.3d 1199, 1202 (9th Cir. 2003).  Thus, equitable tolling is appropriate only when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely petition. See Velasquez v. Kirkland, 639 F.3d 964, 969 (9th Cir. 2011), cert. denied, 132 S. Ct. 554 (2011); Ramirez, 571 F.3d at 997 (The petitioner must show that "the extraordinary circumstances made it impossible to file the petition on time."); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  To meet this standard a petitioner must demonstrate that some extraordinary circumstance stood in her way of filing a timely federal habeas petition and that any such extraordinary circumstance was the cause of her late-filed petition.  See Lakey, 633 F.3d at 786; Bryant v. Ariz. Atty. Gen., 499 F.3d 1056, 1061 (9th Cir. 2007); Allen v. Lewis, 255 F.3d 798, 800-01 (9th Cir. 2001).  It is the petitioner who bears the burden of demonstrating the existence of grounds for equitable tolling.  See Pace, 544 U.S. at 418; Doe, 661 F.3d at 1011; Roberts v. Marshall, 627 F.3d 768, 772 (9th Cir. 2010), cert. denied, 132 S. Ct. 286 (2011);

---

[2] The Ninth Circuit had previously so held.  See Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009); Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 n.2 (9th Cir. 2009); Calderon v. U.S. District Court for the Central District of California (Kelly), 163 F.3d 530, 541 (9th Cir. 1998) (en banc).

[3] "The diligence required for equitable tolling purposes is 'reasonable diligence' . . . not 'maximum feasible diligence.'"  Holland, 130 S. Ct. at 2565.

1  Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005); Miranda v. Castro, 292
2  F.3d 1063, 1065 (9th Cir. 2002).
3      Courts are expected to "take seriously Congress's desire to accelerate the federal
4  habeas process." Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1289 (9th Cir.
5  1997), overruled in part on other grounds by, Calderon, 163 F.3d 530; see also Lakey, 633 F.3d
6  at 786 ("The high threshold of extraordinary circumstances is necessary 'lest the exceptions
7  swallow the rule.'"); Porter, 620 F.3d at 959; Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir.
8  2002) (describing the Ninth Circuit's standard as setting a "high hurdle" to the application of
9  equitable tolling). To this end, "the circumstances of a case must be 'extraordinary' before
10 equitable tolling can be applied[.]" Holland, 130 S. Ct. at 2564. Whether a party is entitled to
11 equitable tolling "turns on the facts and circumstances of a particular case." Spitsyn v. Moore,
12 345 F.3d 796, 801 (9th Cir. 2003) (quoting Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir.
13 1999)); see also Holland, 130 S. Ct. at 2565 (leaving "to the Court of Appeals to determine
14 whether the facts in this record entitle Holland to equitable tolling, or whether further
15 proceedings, including an evidentiary hearing, might indicate that respondent should prevail");
16 Doe, 661 F.3d at 1012.
17     Here, petitioner has failed to make the requisite showing entitling her to equitable
18 tolling. Once again, the court will assume that the AEDPA statute of limitations began to run on
19 April 16, 2009, when witness Bates was interviewed by an investigator on petitioner's behalf.
20 Mr. Bonneau was retained by petitioner as her counsel on August 6, 2009. (See Pet. Attachment
21 D at p. 5.) As noted above, petitioner filed a state habeas petition in the Sacramento County
22 Superior Court on March 4, 2010 which was denied as untimely on April 20, 2010. When on
23 that date the state court denied petitioner's state habeas petition as untimely, the AEDPA statute
24 of limitations for seeking federal habeas relief had expired due to the state court's untimeliness
25 finding. In reality, at that point there was likely nothing more that could be done to revive
26 petitioner's ability to seek federal habeas review. However, rather than attempt to file a federal

habeas petition at that time, and perhaps seek a stay and abeyance of that petition while she continued to exhaust her state court remedies, petitioner did not file her federal habeas petition until over twenty months later in December of 2011.[4]

        The Ninth Circuit has held that "[s]uch delay does not demonstrate the diligence required for application of equitable tolling." See White v. Martel, 601 F.3d 882, 884-85 (9th Cir. 2010) (denying equitable tolling for the time that petitioner was seeking state habeas relief where his state habeas petition was first held to be untimely on January 6, 2006, and petitioner did not file his federal petition until December 14, 2006); see also Lakey, 633 F.3d at 786-87 (petitioner who waited 141-days after the decision in Pace did not pursue his rights diligently and was not entitled to equitable tolling). Accordingly, petitioner has not met her burden of demonstrating entitlement to equitable tolling.[5]

        In short, neither equitable tolling nor statutory tolling saves petitioner's federal habeas petition from being untimely under the AEDPA statute of limitations even if the factual predicate giving rise to her claim did not arise until April 16, 2009.

/////

---

[4] The court notes that by April of 2010, the legal principles set forth above with respect to statutory and equitable tolling of the AEDPA statute of limitations were well-established under the decisions of both the Supreme Court and the Ninth Circuit Court of Appeals.

[5] A petitioner seeking equitable tolling of the AEDPA statute of limitations must demonstrate that she diligently pursued her rights for the entire time period following the underlying judgment of conviction becoming final. See Pace, 544 U.S. at 410-11, 419 (faulting petitioner for his delay in pursuing habeas relief both before and after the passage of the AEDPA); see also Johnson v. United States, 544 U.S. 295, 311 (2005) (finding that petitioner did not diligently pursue his claims where he did not commence state post-conviction proceedings until three years after his judgment of conviction was entered and twenty-one months after the AEDPA's effective date); Satterfield v. Johnson, 434 F.3d 185, 196 (3rd Cir. 2006) (lack of diligence found where before the AEDPA statute of limitations went into effect the petitioner waited nearly a year to initiate the process of petitioning for relief and took more than eight months following the dismissal of his state court petition to file his federal habeas petition); Neverson v. Farquharson, 366 F.3d 32, 43 (1st Cir. 2004) (equitable tolling denied because of a lack of diligence where petitioner did not bring any collateral challenge (state or federal) to his conviction until three years after his direct appeal was decided, did not do so until four months after the AEDPA was enacted, and offered no justification for this total delay of nearly three years).

## IV.  CHANGE OF RESPONDENT

Respondent notes that Tina Hornbeck is no longer the warden of the Valley State Prison for Women where petitioner is currently incarcerated.  The new acting warden is Ron Davis.  Federal Rule of Civil Procedure 25(d) provides that a court may at any time order substitution of a public officer who is a party in an official capacity whose predecessor dies, resigns, or otherwise ceases to hold office.  Because Ron Davis is the individual who now currently has custody of petitioner at the Valley State Prison for Women, the caption of this case will be changed to reflect the proper party respondent.

## V.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the Clerk shall replace TINA HORNBECK with RON DAVIS as the respondent in this matter.

Furthermore, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss the pending petition (Dkt. No. 13) as untimely be GRANTED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).  In her objections, petitioner may address whether a certificate of appealability should issue in the event she files an appeal of the judgment in this case.  <u>See</u> Rule 11, Federal Rules Governing Section 2254 Cases

/////

/////

/////

1  (the district court must issue or deny a certificate of appealability when it enters a final order
2  adverse to the applicant).
3  DATED: October 5, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:dpw
perd3454.157

13