1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ROXANNE CORRINE PERDIGONE,

11             Petitioner,              No.  2:  11-cv-3454 WBS DAD P

12        vs.

13   TINA HORNBECK, Warden,             ORDER AND

14             Respondent.              FINDINGS & RECOMMENDATIONS

15   _____/

16             Petitioner is a state prisoner proceeding through counsel with a petition for writ of

17   habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner was convicted by a Sacramento County

18   Superior Court jury of first degree murder, assault with a firearm and kidnapping and the jury

19   found that she used a firearm in the commission of these offenses.  Petitioner also pled guilty to

20   other charges, namely one count of assault with a firearm and four counts of being a convicted

21   misdemeanant in possession of a firearm.  She also admitted a firearms' use allegation.  She was

22   sentenced to twenty-five years to life in state prison plus twenty years.  Petitioner's sole claim for

23   federal habeas relief is that she received ineffective assistance of counsel as a result of her

24   counsel's failure to locate and subpoena Roberta Bates and Tamesha Johnson and guarantee their

25   appearance at trial.  Respondent has filed a motion to dismiss the pending petition as untimely

26   /////

1

1    filed under the applicable statute of limitations.  For the reasons set forth below, the court

2    concludes that respondent's motion to dismiss should be granted.

3                                I.  PROCEDURAL HISTORY

4         A.  State Court Proceedings

5              After petitioner's judgment of conviction was entered she appealed to the

6    California Court of Appeal for the Third Appellate District.  That court affirmed the judgment of

7    conviction on February 3, 1997.  (See Resp't's Lodged Doc. 2.)  Petitioner did not file a petition

8    for review with the California Supreme Court.

9              On June 24, 2004, petitioner, proceeding through counsel, filed a state habeas

10   petition in the Sacramento County Superior Court.  (See id. Doc. 3.)  On July 29, 2004, that court

11   denied the petition, stating that it was untimely.  (See id. Doc. 4.)  On March 4, 2010, petitioner

12   (now being represented by current federal habeas counsel, Mr. Bonneau) filed another state

13   habeas petition in the Sacramento County Superior Court.  (See id. Doc. 5.)  That court denied

14   the state habeas petition on April 20, 2010 stating that it was both successive and untimely.

15   (See id. Doc. 6.)  Petitioner then filed a state habeas petition in the California Court of Appeal for

16   the Third Appellate District on June 22, 2010.  (See id. Doc. 7.)  The California Court of Appeal

17   summarily denied that petition on June 24, 2010.  (See id. Doc. 8.)  Next, petitioner filed a state

18   habeas petition in the California Supreme Court on July 28, 2010.  (See id. Doc. 9.)  The

19   California Supreme Court summarily denied that petition on April 27, 2011.

20        B.  Federal Court Proceedings

21             Counsel on behalf of petitioner filed the federal habeas petition in this court on

22   December 29, 2011.  Respondent filed a motion to dismiss on March 5, 2012.  Petitioner filed a

23   response in opposition to the motion to dismiss on March 21, 2012 and then a supplemental

24   response in opposition on April 30, 2012.  Respondent filed a reply on May 4, 2012.  A hearing

25   on the motion to dismiss was held on May 11, 2012.

26   /////

                                                2

## II.  STATUTE OF LIMITATIONS UNDER AEDPA

Petitioner filed her federal habeas petition after April 24, 1996, therefore, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to the petition.  See Lindh v. Murphy, 521 U.S. 320, 326 (1997).  The AEDPA imposes a one-year statute of limitations on the filing of federal habeas petitions.  More specifically, 28 U.S.C. § 2244(d) states as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Thus, pursuant to 28 U.S.C. § 2244(d)(2), the AEDPA statute of limitations is statutorily tolled during the time a properly filed application for post-conviction relief is pending in state court.  The statute of limitations is not tolled during the interval between the date on which a judgement of conviction becomes final and the date on which the petitioner files her first state collateral challenge because there is no case "pending" during that period.  See Porter v.

1  Ollison, 620 F.3d 952, 958 (9th Cir. 2010) ("The period between when direct review becomes

2  final and the filing of a state habeas petition is not tolled[.]"); Raspberry v. Garcia, 448 F.3d

3  1150, 1153 n.1 (9th Cir. 2006); Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  Once state

4  collateral proceedings are commenced, a state habeas petition is "pending" during a full round of

5  review in the state courts, including the time between a lower court decision and the filing of a

6  new petition in a higher court, as long as the intervals between the petitions are "reasonable."

7  Evans v. Chavis, 546 U.S. 189, 192-93 (2006) (citing Carey v. Saffold, 536 U.S. 214, 222-23

8  (2002)).

III.  ANALYSIS OF RESPONDENT'S MOTION TO DISMISS

10     A.  Respondent's arguments

11          Respondent argues that the federal habeas petition pending before this court is

12  untimely.  Respondent notes that petitioner did not file a petition for review with the California

13  Supreme Court after the California Court of Appeal affirmed her judgment of conviction on

14  February 3, 1997.  Accordingly, respondent contends that petitioner's judgment of conviction

15  became final on March 15, 1997, or forty days after the California Court of Appeal affirmed the

16  judgment.  See Smith v. Duncan, 297 F.3d 809, 813 (9th Cir. 2002) (noting that conviction

17  becomes final in California forty days after the California Court of Appeal issues its opinion

18  when the defendant  does not file a petition for review in the California Supreme Court),

19  overruled on other grounds by, Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  Therefore,

20  respondent argues, the last day for petitioner to file a federal habeas petition challenging that

21  judgment of conviction was on March 15, 1998 unless tolling applies.

22          Respondent claims that statutory tolling should not apply in this case because

23  petitioner did not file her first state habeas petition until June 23, 2004, more than six years after

24  the statute of limitations for the filing of a federal petition had expired.  See Ferguson v.

25  Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding that the filing of a state petition after the

26  federal limitations period has ended has no effect).  Additionally, the respondent notes that

4

petitioner's first and second state habeas petitions were found by the state courts to be untimely, therefore were not properly filed, and could not serve to statutorily toll the statute of limitations for seeking federal habeas relief.  Respondent also argues that petitioner's third and fourth state habeas petitions were denied as untimely as well because, even though the summary denials were silent as to their reasoning, this federal habeas court must "look through" those silent dispositions to the last reasoned decision from the Superior Court.  See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991) ("Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same grounds.")

Respondent does acknowledge that the limitations period may begin to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D).  However, respondent asserts that even under the best case scenario for petitioner, she learned of the factual predicate of her claim for habeas relief when her investigator interviewed Bates on April 16, 2009.  Thus, according to respondent, even under this theory the last day for her to file a timely federal habeas petition was on April 16, 2010.  However, respondent notes, petitioner did not seek federal habeas relief until December 2011 and her state habeas petitions filed in the interim could not statutorily toll the limitations period because they were found to be untimely by the state courts.  Additionally, respondent argues that petitioner has failed to demonstrate the requisite due diligence for the triggering of a later commencement of the limitations period.

B.  Petitioner's arguments

Petitioner asserts that her petition is timely under both 28 U.S.C. § 2244(d)(1)(A) and § 2244(d)(1)(D).  In addition to arguing that a later start to the beginning of the running of the AEDPA statute of limitations should apply under § 2244(d)(1)(D), petitioner's counsel also contended at oral argument on the motion to dismiss that statutory and equitable tolling apply in this case, thereby rendering petitioner's application for federal habeas relief timely.

C. Discussion

Petitioner claims that the factual predicate giving rise to her claims for relief did not become known to her until years after her judgment of conviction became final because both witnesses, Bates and Johnson, were unavailable in the intervening years following her conviction and they were both difficult or impossible to locate.  (See Dkt. No. 15 at p. 1-2.)  For purposes of these findings and recommendations, the court will assume *arguendo* that the factual predicate giving rise to petitioner's claim for federal habeas relief could not have been discovered through the exercise of due diligence before April 16, 2009 - the day witness Bates was interviewed by an investigator acting on petitioner's behalf.[1]  Nonetheless, petitioner did not file her federal habeas petition with the assistance of counsel until December 29, 2011.  Therefore, unless statutory and/or equitable tolling apply during the period between April 16, 2009 and the filing of the federal petition on December 29, 2011, petitioner's federal habeas petition is untimely.

1. Statutory Tolling

As previously indicated, petitioner, proceeding through her current counsel Mr. Bonneau, filed a state habeas petition in the Sacramento County Superior Court on March 4, 2010.  The AEDPA tolls the statute of limitations during the period in which a "properly filed" application for post-conviction relief is pending.  See 28 U.S.C. § 2244(d)(2).  However, a petition cannot be considered "properly filed" for purposes of the AEDPA statutory tolling when the state court denies a habeas petition as untimely.  See Trigueros v. Adams, 658 F.3d 983, 988-89 (9th Cir. 2011); Lakey v. Hickman, 633 F.3d 782, 786 (9th Cir. 2011), cert. denied, Lakey v. Cate, 131 S. Ct. 3039 (2011); Thorson v. Palmer, 479 F.3d 643, 645 (9th Cir. 2007) (citing Bonner v. Carey, 425 F.3d 1145, 1149 (9th Cir. 2005) (citing Pace, 544 U.S. at 417)).  Here, the Sacramento County Superior Court denied petitioner's March 4, 2010 habeas petition stating that it was barred as successive and untimely, citing to the decisions in In re Robbins, 18 Cal. 4th 770

---

[1] Witness Johnson had previously been interviewed by the same investigator acting on behalf of petitioner on December 30, 2008.

1  (1998) and In re Clark, 5 Cal. 4th 750 (1993).  The state court's reliance on Robbins and Clark

2  was a clear ruling that the petition was denied as untimely.  See Miles v. Martel, No. 10-15633,

3  ___F.3d___, ___, 2012 WL 4490756, at *4 (9th Cir. Sept. 28, 2012) ("A summary denial citing

4  [Clark and Robbins] means that the petition is rejected as untimely."); Lakey, 633 F.3d at 786;

5  Thorson, 479 F.3d at 645.  Accordingly, the AEDPA statute of limitations was not statutorily

6  tolled by the filing of the March 4, 2010 state habeas petition since that petition was not

7  "properly filed."

8            Petitioner's subsequent state habeas petitions that she filed in the California Court

9  of Appeal and the California Supreme Court do not change this result.  The California Court of

10 Appeal and the California Supreme Court both summarily denied petitioner's state habeas

11 petitions filed in June and July 2010.  This court "looks through" those summary denials and

12 presumes those courts adopted the reasoning of the Sacramento County Superior Court which

13 denied the petition before it as untimely.  See Bonner, 425 F.3d at 1148 n. 13 (applying the look-

14 through doctrine under Ylst, 501 U.S. at 803).

15           In the context of determining whether the petitioner could overcome the

16 successive and/or untimeliness bar, the Sacramento County Superior Court also addressed the

17 merits of petitioner's claim.  (See Resp't's Lodged Doc. 6 at p. 3 ("[T]he testimony of Bates,

18 Johnson and petitioner would merely have conflicted with the trial testimony given by Adam

19 Keller . . . .  At most, this only conflicts with trial evidence and does not establish unerring

20 innocence.").)  The fact that the state court addressed the merits of petitioner's claim in the

21 context of determining whether she fell within an exception to an untimeliness bar does not

22 change the result in this case.  Indeed, the Supreme Court has explained that if a "postconviction

23 petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2)."

24 Pace, 544 U.S. at 414; see also Bonner, 425 F.3d at 1149 ("Neither does the fact that the superior

25 court also denied Bonner's petition on the merits save his petition.  Because the California courts

26 /////

7

1  dismissed Bonner's petition as untimely, his petition was not 'properly filed' under AEDPA.

2  Accordingly, he is not entitled to tolling under § 2244(d)(2).").

3           Moreover, even if petitioner's March 4, 2010 state habeas petition was "properly

4  filed," it would not save her federal habeas petition from being untimely under AEDPA.  As

5  previously indicated, the court has assumed for purposes of these findings and recommendations

6  that the factual predicate giving rise to petitioner's claim could not have been discovered through

7  the exercise of due diligence until April 16, 2009, the day Bates was interviewed by petitioner's

8  investigator.  Even with that assumption, however, when petitioner filed her state habeas petition

9  on March 4, 2010, she only had approximately one-and-a-half months left on the AEDPA statute

10  of limitations period to seek federal habeas relief.  Subsequently, the AEDPA statute of

11  limitations began to run again when the California Supreme Court denied petitioner's state

12  habeas petition on April 27, 2011.  Petitioner did not file her federal habeas petition until

13  December 29, 2011, more than eight months thereafter.  Thus, even assuming petitioner's state

14  habeas petitions filed in 2010 in the three levels of the California courts could have statutorily

15  tolled the AEDPA statute of limitations, that limitations period would still have expired by the

16  time she filed her federal petition due to the gaps in time of almost a year between April 16, 2009

17  to March 4, 2010 and the over eight month gap in time between April 27, 2011 and December

18  29, 2011.  For all these reasons, under no scenario can statutory tolling render the pending federal

19  habeas petition timely.

20           2.  Equitable Tolling

21           Petitioner also argues that she is entitled to equitable tolling of the AEDPA statute

22  of limitations.  The United States Supreme Court has confirmed that the AEDPA statute of

23  limitations "is subject to equitable tolling in appropriate cases."  Holland v. Florida, 130 S. Ct.

24  2549, 2560 (2010).  See also Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011); Lakey, 633

25  /////

26  /////

8

F.3d at 784; <u>Porter</u>, 620 F.3d at 959.[2]   Indeed, because  § 2244(d) is not jurisdictional, it is

"subject to a 'rebuttable presumption' in favor of 'equitable tolling'" <u>Holland</u>, 130 S. Ct. at 2560

(quoting <u>Irwin v. Dep't of Veterans Affairs</u>, 498 U.S. 89, 95-96 (1990)). <u>See also</u> <u>Lee v.</u>

<u>Lampert</u>, 653 F.3d 929, 933 (9th Cir. 2011) (en banc).

However, "a 'petitioner' is 'entitled to equitable tolling' only where [s]he shows

'(1) that [s]he has been pursuing [her] rights diligently, and (2) that some extraordinary

circumstance stood in [her] way' and prevented timely filing."[3]  <u>Holland</u> 130 S. Ct. at 2562

(quoting <u>Pace</u>, 544 U.S. at 418); <u>see also</u> <u>Doe</u>, 661 F.3d at 1011; <u>Lakey</u>, 633 F.3d at 784; <u>Porter</u>,

620 F.3d at 959; <u>Harris v. Carter</u>, 515 F.3d 1051, 1054 (9th Cir. 2008); <u>Stillman v. LaMarque</u>,

319 F.3d 1199, 1202 (9th Cir. 2003).  Thus, equitable tolling is appropriate only when external

forces, rather than a petitioner's lack of diligence, account for the failure to file a timely petition.

<u>See</u> <u>Velasquez v. Kirkland</u>, 639 F.3d 964, 969 (9th Cir. 2011), <u>cert. denied</u>, 132 S. Ct. 554

(2011); <u>Ramirez</u>, 571 F.3d at 997 (The petitioner must show that "the extraordinary

circumstances made it impossible to file the petition on time."); <u>Miles v. Prunty</u>, 187 F.3d 1104,

1107 (9th Cir. 1999).  To meet this standard a petitioner must demonstrate that some

extraordinary circumstance stood in her way of filing a timely federal habeas petition and that

any such extraordinary circumstance was the cause of her late-filed petition.  <u>See</u> <u>Lakey,</u> 633

F.3d at 786; <u>Bryant v. Ariz. Atty. Gen.</u>, 499 F.3d 1056, 1061 (9th Cir. 2007); <u>Allen v. Lewis</u>, 255

F.3d 798, 800-01 (9th Cir. 2001).  It is the petitioner who bears the burden of demonstrating the

existence of grounds for equitable tolling.  <u>See</u> <u>Pace</u>, 544 U.S. at 418; <u>Doe</u>, 661 F.3d at 1011;

<u>Roberts v. Marshall</u>, 627 F.3d 768, 772 (9th Cir. 2010), <u>cert. denied</u>, 132 S. Ct. 286 (2011);

---

[2]  The Ninth Circuit had previously so held.  <u>See</u> <u>Ramirez v. Yates</u>, 571 F.3d 993, 997
(9th Cir. 2009); <u>Waldron-Ramsey v. Pacholke</u>, 556 F.3d 1008, 1011 n.2 (9th Cir. 2009);
<u>Calderon v. U.S. District Court for the Central District of California (Kelly)</u>, 163 F.3d 530, 541
(9th Cir. 1998) (en banc).

[3]  "The diligence required for equitable tolling purposes is 'reasonable diligence' . . . not
'maximum feasible diligence.'" <u>Holland</u>, 130 S. Ct. at 2565.

1   Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005); Miranda v. Castro, 292

2   F.3d 1063, 1065 (9th Cir. 2002).

3              Courts are expected to "take seriously Congress's desire to accelerate the federal

4   habeas process." Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1289 (9th Cir.

5   1997), overruled in part on other grounds by, Calderon, 163 F.3d 530; see also Lakey, 633 F.3d

6   at 786 ("The high threshold of extraordinary circumstances is necessary 'lest the exceptions

7   swallow the rule.'"); Porter, 620 F.3d at 959; Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir.

8   2002) (describing the Ninth Circuit's standard as setting a "high hurdle" to the application of

9   equitable tolling).  To this end, "the circumstances of a case must be 'extraordinary' before

10  equitable tolling can be applied[.]"  Holland, 130 S. Ct. at 2564.  Whether a party is entitled to

11  equitable tolling "turns on the facts and circumstances of a particular case."  Spitsyn v. Moore,

12  345 F.3d 796, 801 (9th Cir. 2003) (quoting Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir.

13  1999)); see also Holland, 130 S. Ct. at 2565 (leaving "to the Court of Appeals to determine

14  whether the facts in this record entitle Holland to equitable tolling, or whether further

15  proceedings, including an evidentiary hearing, might indicate that respondent should prevail");

16  Doe, 661 F.3d at 1012.

17             Here, petitioner has failed to make the requisite showing entitling her to equitable

18  tolling.  Once again, the court will assume that the AEDPA statute of limitations began to run on

19  April 16, 2009, when witness Bates was interviewed by an investigator on petitioner's behalf.

20  Mr. Bonneau was retained by petitioner as her counsel on August 6, 2009.  (See Pet. Attachment

21  D at p. 5.)  As noted above, petitioner filed a state habeas petition in the Sacramento County

22  Superior Court on March 4, 2010 which was denied as untimely on April 20, 2010.  When on

23  that date the state court denied petitioner's state habeas petition as untimely, the AEDPA statute

24  of limitations for seeking federal habeas relief had expired due to the state court's untimeliness

25  finding.  In reality, at that point there was likely nothing more that could be done to revive

26  petitioner's ability to seek federal habeas review.  However, rather than attempt to file a federal

10

1   habeas petition at that time, and perhaps seek a stay and abeyance of that petition while she

2   continued to exhaust her state court remedies, petitioner did not file her federal habeas petition

3   until over twenty months later in December of 2011.[4]

4          The Ninth Circuit has held that "[s]uch delay does not demonstrate the diligence

5   required for application of equitable tolling."  See White v. Martel, 601 F.3d 882, 884-85 (9th

6   Cir. 2010) (denying equitable tolling for the time that petitioner was seeking state habeas relief

7   where his state habeas petition was first held to be untimely on January 6, 2006, and petitioner

8   did not file his federal petition until December 14, 2006); see also Lakey, 633 F.3d at 786-87

9   (petitioner who waited 141-days after the decision in Pace did not pursue his rights diligently and

10   was not entitled to equitable tolling).  Accordingly, petitioner has not met her burden of

11   demonstrating entitlement to equitable tolling.[5]

12          In short, neither equitable tolling nor statutory tolling saves petitioner's federal

13   habeas petition from being untimely under the AEDPA statute of limitations even if the factual

14   predicate giving rise to her claim did not arise until April 16, 2009.

15   /////

16

17      [4]  The court notes that by April of 2010, the legal principles set forth above with respect to statutory and equitable tolling of the AEDPA statute of limitations were well-established under the decisions of both the Supreme Court and the Ninth Circuit Court of Appeals.

18

19      [5]  A petitioner seeking equitable tolling of the AEDPA statute of limitations must demonstrate that she diligently pursued her rights for the entire time period following the underlying judgment of conviction becoming final.  See Pace, 544 U.S. at 410-11, 419 (faulting

20   petitioner for his delay in pursuing habeas relief both before and after the passage of the AEDPA); see also Johnson v. United States, 544 U.S. 295, 311 (2005) (finding that petitioner did

21   not diligently pursue his claims where he did not commence state post-conviction proceedings until three years after his judgment of conviction was entered and twenty-one months after the

22   AEDPA's effective date); Satterfield v. Johnson, 434 F.3d 185, 196 (3rd Cir. 2006) (lack of diligence found where before the AEDPA statute of limitations went into effect the petitioner

23   waited nearly a year to initiate the process of petitioning for relief and took more than eight months following the dismissal of his state court petition to file his  federal habeas petition);

24   Neverson v. Farquharson, 366 F.3d 32, 43 (1st Cir. 2004) (equitable tolling denied because of a lack of diligence where petitioner did not bring any collateral challenge (state or federal) to his

25   conviction until three years after his direct appeal was decided, did not do so until four months after the AEDPA was enacted, and offered no justification for this total delay of nearly three

26   years).

## IV. CHANGE OF RESPONDENT

Respondent notes that Tina Hornbeck is no longer the warden of the Valley State Prison for Women where petitioner is currently incarcerated.  The new acting warden is Ron Davis.  Federal Rule of Civil Procedure 25(d) provides that a court may at any time order substitution of a public officer who is a party in an official capacity whose predecessor dies, resigns, or otherwise ceases to hold office.  Because Ron Davis is the individual who now currently has custody of petitioner at the Valley State Prison for Women, the caption of this case will be changed to reflect the proper party respondent.

## V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the Clerk shall replace TINA HORNBECK with RON DAVIS as the respondent in this matter.

Furthermore, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss the pending petition (Dkt. No. 13) as untimely be GRANTED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).  In her objections, petitioner may address whether a certificate of appealability should issue in the event she files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases

/////

/////

/////

12

1   (the district court must issue or deny a certificate of appealability when it enters a final order

2   adverse to the applicant).

3   DATED: October 5, 2012.

4

5   _____

6   DALE A. DROZD
    UNITED STATES MAGISTRATE JUDGE

7

8   DAD:dpw
    perd3454.157

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

13